### R. M. HOLLINGSHEAD CORPORATION
v.
### The UNITED STATES.
### No. 119-54.

United States Court of Claims.
Dec. 6, 1955.

Scott P. Crampton, Washington, D. C., for plaintiff. William J. DeMik, Washington, D. C., was on the briefs.

Frances L. Nunn, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

The plaintiff, R. M. Hollingshead Corporation, sues to recover the sum of $5,963.82 allegedly due it upon completion of a Government contract. The action is presently before the court on motions by both plaintiff and defendant for summary judgment.

The plaintiff is a corporation engaged in business as a manufacturing chemist. On March 9, 1951, the plaintiff and the Department of the Navy entered into a contract in which the plaintiff agreed to manufacture and supply to the Navy a quantity of paint stripping compound at certain unit prices.

At the time the contract was made the plaintiff was able to purchase paint stripper grade methylene chloride, one of the ingredients used in the manufacture of the paint stripper compound, but only from the Dow Chemical Company. It cost $0.095 per pound. Later, in August or September of 1951, the plaintiff learned that the Dow Chemical Company was discontinuing the manufacture of this grade of methylene chloride, but could supply technical grade methylene chloride, a substitute for paint stripper grade methylene chloride, at $0.115 per pound.

The plaintiff alleges that the discontinuance of the paint stripper grade methylene chloride was done in compliance with a request made by the defendant through its National Production Authority. The defendant admits that certain restrictions were placed on the production of paint stripper grade methylene chloride by the Authority, but says this was done to promote the national defense.

The plaintiff further relies on an agreement which it says the Government made to pay the increased cost. It alleges in its petition that it discussed the increased cost of production with G. H. Redding, a Government contracting officer, but not the one who signed plaintiff's contract, and requested a change order on or before September 1, 1951, to cover its increased expense from the use of the technical grade methylene chloride. It further alleges that it was orally advised by Redding that a change order would be issued to cover the additional cost, and that further preparation and shipment of the compound were made in reliance on this oral promise. The defendant denies this, and asserts that, instead, the plaintiff requested an amendment to the contract to provide for the increased expenses, and that Redding, the contracting officer, agreed to the amendment only on condition, and that, later, another contracting officer, but still not the one who signed the contract, refused to amend the contract, as requested.

If defendant made a binding agreement to pay this increased cost, on which plaintiff relied, before the contract was performed, the defendant would be liable. But there is a dispute about this, and, hence, the motions for summary judgment must be denied.

The plaintiff purchased the necessary amounts of technical grade methylene chloride, completed the manufacture of the paint stripper compound, and delivered the product to the Department of the Navy in fulfillment of its obligation under the contract. The finished product was accepted by the defendant, and was paid for at the price specified in the original contract, plus certain additional amounts for increased freight.

On or about February 18, 1952, plaintiff through its officer, H. T. Gartland, sent the Department of the Navy an invoice for $5,963.82, and an accompanying letter of explanation. This amount represented plaintiff's increased cost due to

its use of technical grade methylene chloride after September 1, 1951, instead of the paint stripper grade.

Upon receipt of the letter and invoice, Redding, the contracting officer who allegedly made the oral agreement, advised the plaintiff as follows:

"Refer your letter signed H. T. Gartland, dated 18 February 1952. The price increase as stated in your letter is acceptable to the contracting officer. However, before the contract can be amended to provide for such change, it is requested that this office be advised as to the destinations to which the 62,370 gallons will be shipped."

Two days later plaintiff advised the contracting officer as to the destinations to which the 62,370 gallons had been shipped.

Redding's letter was written after the contract had been fully performed, and was the letter which the defendant contends was the agreement to amend on condition.

Approximately two months later the plaintiff was advised by a different contracting officer that the invoice would not be paid. Plaintiff then asked the Regional Accounts Office of the Navy to consider it. On January 6, 1953, this office wrote to the General Accounting Office regarding plaintiff's claim, stating in part as follows:

"The Bureau of Supplies and Accounts concurs in the opinion of the contracting officer that the use of Paint Stripper Grade Methylene Chloride was discontinued at the request of the National Production Authority, which cause was beyond the control and without the fault or negligence of the contractor.

"The increase in price requested by the contractor is considered fair and reasonable. Therefore, favorable consideration of the claim is recommended."

The pertinent papers were forwarded to the General Accounting Office with this letter.

On May 1, 1953, the Claims Division of the General Accounting Office decided the claim in favor of the Government. It gave no reason for its action. On July 10, 1953, the plaintiff appealed to the Comptroller General, but on August 11, 1953, the Comptroller affirmed the determination of the Claims Division.

Plaintiff has never received any part of the $5,963.82 allegedly due it.

The plaintiff has alleged that the contracting officer orally advised it that a change order would be issued to cover the increased cost of production, and that it relied on this oral representation in fulfilling the contract, and that later the oral representation was confirmed in writing on condition, and that the condition was promptly complied with.

Defendant denies the oral representation. It does not deny the letter agreeing to the increase in price on condition, but contends that since this letter was written after the compound had been supplied, it was not relied on by the plaintiff when it fulfilled the contract.

If the oral representation was made, relied on, and subsequently confirmed in writing, then plaintiff is entitled to recover as a matter of law. But defendant denies the fact of the oral representation. Since there is a dispute about this material fact, plaintiff's motion for summary judgment must be denied.

Defendant's cross motion for summary judgment must also be denied. If the facts alleged by the plaintiff are true, then the defendant is indebted to the plaintiff for the sum claimed. Until the dispute over this material fact is resolved, neither party is entitled to a judgment.

The motions of both plaintiff and defendant for summary judgment are denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.